

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 29, 1952

Hon. C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. V-1444

Re: Authority of soil conserva-
tion districts to accept and
disburse private donations
for awards for essay con-
tests and for various con-
servation projects.

We quote the following from your letter requesting our
opinion on the above-captioned subject:

"In your Opinion No. V-1365, dated December 4th,
1951, you stated:

" 'If, as we have been advised occurred in one in-
stance, the Chamber of Commerce of a certain city saw
fit to donate funds for the purpose of providing entertain-
ment designed to promote soil conservation, the organiza-
tion could accomplish this result only by paying for the
entertainment itself because once the funds are donated
to the political subdivision of the State, they become pub-
lic money and the property of the political subdivision.'

"The above was in reply to our question:

" '3. Can the following types of expenditures be
legally made from either State appropriated funds or lo-
cal funds or both:

" 'A. Awards for essay contests on various soil
conservation subjects.

" 'C. Awards for various soil conservation projects.

"In our audits of the Soil Conservation Districts,
we have found instances where individuals, business or
civic organizations have made contributions or donations
to the Soil Conservation District for the specific purpose
of making awards for essay contests or for various soil
conservation projects.

"For clarification of your answer in Opinion No. V-1365, we ask that you advise us if a Soil Conservation District may accept such specifically restricted contributions or donations from any source and disburse them in accordance with the provisions or restrictions under which they were made, provided of course that none of the District's public money is used to supplement such contribution in any manner."

Section 7 of Article 165a-4, V.C.S., lists powers granted to soil conservation districts. Paragraph (3) of Section 7 reads as follows:

"To obtain options upon and to acquire, by purchase, exchange, lease, gift, grant, bequest, devise, or otherwise, any property, real or personal, or rights or interests therein; to maintain, administer, and improve any properties acquired, to receive income from such properties, and to expend such income in carrying out the purposes and provisions of this Act; and to sell, lease, or otherwise dispose of any of its property or interests therein in furtherance of the purposes and the provisions of this Act;"

This section clearly authorizes soil conservation districts to accept donations from any source. It also limits the use of the donated property to "carrying out the purposes and provisions of this Act."

Whether the particular donation for an award for an essay contest or for a soil conservation project would further the purposes of the act is a fact question upon which this office is not authorized to pass. Assuming that such award would further the purposes of the act, we think a district could accept funds in trust for these purposes. Such funds would not become a part of the public funds of the district and their expenditure in this fashion would not, therefore, be counter to the constitutional provision we discussed in Attorney General's Opinion V-1365 (1951).

SUMMARY

Soil conservation districts are authorized by Section 7 of Article 165a-4, V.C.S., to accept funds in trust for the purpose of making awards for essay contests or for conservation projects if such awards will, in fact,

Hon. C. H. Cavness, page 3 (V-1444)


further the purposes of Article 165a-4, V.C.S.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

W. V. Geppert
Taxation Division

Mary K. Wall
Reviewing Assistant

By Marietta McGregor Creel
  Mrs. Marietta McGregor Creel
  Assistant

Charles D. Mathews
First Assistant


MMC:meh